**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:08-cr-175

                                        District Judge Thomas M. Rose
- vs -                                  Magistrate Judge Michael R. Merz

JEREMY E. LEWIS,

                Defendant.    :

## **ORDER**

      This case is before the Court on Defendant's Objections (ECF No. 314) to the Magistrate Judge's Report and Recommendations (ECF No. 305). The Objections are STRICKEN AS MOOT because the Court has already adopted the Report over Defendant's prior Objections (Decision and Order, ECF No. 313).

      Defendant's Motion to Amend Rule 60(b)(1) Legal Error Motion is STRICKEN as previously ordered by the Court (ECF No. 313).

      Defendant's Motion to Deny Plenary Jurisdiction to Magistrate Judge (ECF No. 316) is DENIED as moot because the Court has already recognized Mr. Lewis's prior denial (ECF No. 313).

      Defendant's Motion for Permanent Injunction under Fed. R. Civ. P. 65 (ECF No. 317) is STRICKEN as moot because the Court has already decided not to enjoin the Magistrate Judge on

Lewis' prior motion for that relief. Lewis's second reason for permanent injunction is not well taken. It is well within the case management authority of a Magistrate Judge to enforce time deadlines for filing.

Mr. Lewis's request for reassignment of this case to another Magistrate Judge (ECF No. 317, PageID 2045) is DENIED. Lewis relies on *Solomon v. United States*, 467 F.3d 928 (6th Cir. 2006), in which the Sixth Circuit refused to exercise its authority under 28 U.S.C. § 2106 to transfer a § 2255 case on remand from The Honorable Herman J. Weber to another District Judge. That statute is not involved and does not control the authority of a District Judge to transfer a referral of a matter form one United States Magistrate Judge to another. In exercising its inherent authority to manage the cases assigned to it, the Court may withdraw a referral to a Magistrate Judge and decide a matter itself, transfer a referral among Magistrate Judges, or refuse to refer a matter in the first instance.

However, Lewis has shown no reason for such a transfer. Magistrate Judge Merz recommendations in this case have been adopted by the Court and indeed affirmed by the Sixth Circuit. As the Sixth Circuit mentioned in *Solomon*, there is a benefit to continuity of judicial assignment in cases so that a new judge does not have to learn all the history. Absent some showing of disqualifying bias – which Lewis has not made here – the Court is ordinarily reluctant to transfer a referral. The request to reassign this case is DENIED.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, May 1, 2018.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE